

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| BARNEY G. SEIGLER, | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | MISC. CASE NO. 6:09-151-HFF |
| | § | |
| JOE GIBSON, AMERICAN SUZUKI | § | |
| MOTOR CORP., INC., and M & T CREDIT | § | |
| SERVICES, LLC, | § | |
|    Defendants, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOE GIBSON'S AUTO WORLD, INC., | § | |
|    Debtor. | § | |

## ORDER

**I. INTRODUCTION**

This case was originally filed in state court as a fraud action. Currently pending before the Court is the parties' consent motion to withdraw the reference of this case from the Bankruptcy Court. Having carefully considered the motion, the parties' briefs in support of jurisdiction, the record, and the applicable law, it is the judgment of this Court that the motion to withdraw reference from the Bankruptcy Court will be denied.

1

## II. FACTUAL AND PROCEDURAL HISTORY

In response to an advertisement declaring that one could purchase a vehicle for $47 per month, Plaintiff went into the Joe Gibson Suzuki dealership on June 23, 2007. At that time, Plaintiff purchased a 2007 XL7, which was to be financed at a cost of $36,687. Plaintiff alleges that based on the advertising and representations of Defendants, he believed that he could pay $47 a month for his vehicle for eleven months, at which point he could trade in the vehicle and continue the $47 promotion with another vehicle. At the end of the eleven-month period, Joe Gibson Suzuki refused to trade in Plaintiff's vehicle, and Plaintiff's new monthly payment became $579.20 per month.

Plaintiff originally filed this action in the Spartanburg County Court of Common Pleas on June 22, 2008. Plaintiff's Complaint alleged nine causes of action under South Carolina law, including fraud, negligent misrepresentation, negligence and gross negligence, violation of the South Carolina Unfair Trade Practices Act, violation of the South Carolina Auto Dealers Act, rescission, breach of the implied covenant of good faith and fair dealing, and assignee liability. These claims were asserted against Defendant Joe Gibson, individually, the owner of Joe Gibson Suzuki, Defendant American Suzuki Motor Corporation (American Suzuki), and Defendant M & T Credit Services, LLC (Defendant M & T), the alleged assignee of loan contracts made by Defendant Gibson and Defendant American Suzuki.

Defendant American Suzuki removed the case to the Bankruptcy Court on July 22, 2008. In the notice of removal, Defendant American Suzuki stated that the Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. § 1334 because the case arose under, arose in, and/or was related to a case under Title 11. The case it was purportedely related to was the bankruptcy proceeding of Joe Gibson's Auto World, Inc., Bankruptcy Case No. 08-4215-hb, which was filed on June 16,

2008.[1] Pursuant to Local Rule of Civil Procedure 83.IX.01, all bankruptcy cases are automatically referred to the Bankruptcy Judges for this District, and, thus, Plaintiff's case was so referred.

Following removal, on September 9, 2008, Plaintiff filed a motion to remand the case to state court, arguing that it was unclear whether the action was "related to a bankruptcy proceeding," and, alternatively, even if it were, a court may remand on "any equitable ground." Plaintiff also argued that the Court should abstain from hearing the case under the principles of discretionary abstention or mandatory abstention codified at 28 U.S.C. § 1334(c).

Defendants opposed Plaintiff's motion to remand, arguing that jurisdiction was proper because Plaintiff's case is "related to" a bankruptcy proceeding under 28 U.S.C. § 1334(b). Defendants further maintained that this case would affect the bankruptcy estate by reducing the amount of insurance coverage to the Debtor. Defendants examined several factors courts should consider in deciding whether to remand and argued that remand was inappropriate. Defendants also insisted that abstention was inappropriate. The Bankruptcy Court held the motion in abeyance pending settlement discussions between the parties.

Ultimately, the debtor and many of the interested parties reached a settlement, referred to as the Global Settlement Agreement (GSA). Consumer plaintiffs who wished to do so could "opt-out" of the GSA, and Plaintiff was one of several plaintiffs who elected to opt out. Under the terms of the GSA,

> Any Claimant who Opts-Out must file any claims against any Contributing Party in the Bankruptcy Court, but such actions may be transferred to the District Court for the District of South Carolina. No Contributing Party can object to such Opt-Out claims/suits being

---

[1] Notably, Joe Gibson's Auto World, Inc., the debtor in the bankruptcy proceeding, was not a named party in Plaintiff's original lawsuit.

3

> transferred to the District of South Carolina. Additionally, all rights
> to a jury trial are preserved.

(GSA 21.)

Evidently, it was the exercise of their rights under the GSA that led the parties to file the present motion to withdraw the automatic reference of the case from the bankruptcy court on November 23, 2009. The motion was presented as a consent order, and it was supported by documents filed in state court and bankruptcy court. Because the Court found that the case presented somewhat novel jurisdictional questions, on November 25, 2009, the Court asked the parties to brief the Court on whether jurisdiction exists over the case.

On December 8, 2009, counsel for Defendant American Suzuki filed a pretrial memorandum in support of the Court's jurisdiction. In that memorandum, Defendant American Suzuki argued that the Court has jurisdiction under 28 U.S.C. § 1334(c) because this action is "related to" the Debtor's bankruptcy case. Defendant American Suzuki also contended that numerous factors counsel in favor of withdrawing the reference to the bankruptcy court. Defendant M & T Credit and Plaintiff joined in support of Defendant American Suzuki's memorandum of law in support of jurisdiction. Thus, the motion to withdraw reference is now ripe for consideration.

## III.   DISCUSSION AND ANALYSIS

### A.   *Similar Case in District*

Before reaching the merits of the parties' motion, the Court notes that it is not the first Court in this district to consider the issues presented in this case. There was a second case arising out of the bankruptcy proceeding of Joe Gibson's Auto World, in which the parties sought to withdraw the reference from the Bankruptcy Court. *See Owens v. Gibson*, No. 7:10-194-HMH slip op. (D.S.C. Jan. 25, 2010.) *Owens* involved plaintiffs who, like Plaintiff Seigler, originally filed their action in

4

the Spartanburg County Court of Common Pleas. In that action, the *Owens* Plaintiffs asserted the same state law claims asserted by Plaintiff in his original action.[2] In denying the motion to withdraw the reference from the bankruptcy court, Judge Henry M. Herlong concluded that the court lacked subject matter jurisdiction because the parties were not diverse and the case failed to present any federal questions. *Id.* at 3. Alternatively, Judge Herlong held that

> even if this court possesses subject matter jurisdiction over Plaintiffs' claims, the court abstains pursuant to 28 U.S.C. § 1334(c)(1). A district court may "in the interest of justice, or in the interest of comity with State courts or respect for State law . . . abstain[] from hearing a particular proceeding . . . related to a case under title 11." 28 U.S.C. § 1334(c)(1). "This case is entirely based upon [South Carolina] state law, and federal jurisdiction is only [alleged] based on a loose interpretation of the 'related to' language of §1334[(b)]." *Massey Energy Co. v. West Virginia Consumers for Justice*, 351 B.R. 348, 354 (E.D. Va. 2006). "Additionally, no federal question is present nor are the parties diverse . . . ." *Id.* "[A]ll of Plaintiffs' claims are unique to [South Carolina] state law and have nothing to do with any bankruptcy statute nor any federal law." *Id.* Furthermore, following removal, Plaintiffs sought to remand the case to state court and now do not provide any "reason why the State Court is inadequate to adjudicate this case, nor do they argue that federal court is superior." *Id.* Accordingly, the court abstains pursuant to § 1334(c)(1). Based on the foregoing, the court denies the parties' motion.

*Id.*

---

[2]Plaintiff and the plaintiffs in *Owens* are represented by the same attorneys. Thus, aside from minor differences in factual allegations, their complaints are almost identical.

B.  *Abstention Under § 1334(c)(1)*

As noted above, Judge Herlong concluded that the district court lacked subject matter jurisdiction entirely. However, this Court need not reach that issue because the Court agrees with Judge Herlong's alternative conclusion that abstention is appropriate under § 1334(c)(1). As noted above, Plaintiff's original action rested entirely on state law causes of action. Out of respect for state law and in the interests of comity with state courts, the Court agrees that abstention is appropriate.[3]

Additionally, the interests of justice favor abstention because Judge Herlong has already denied a motion to withdraw the reference in the only other Joe Gibson Auto World, Inc. case that was pending before the District Court. Because this case involves the same plaintiffs' attorneys and the same Defendants and defense attorneys as the *Owens* case, the interests of efficiency and judicial economy counsel against requiring the parties to litigate essentially the same case in two separate forums. Therefore, the Court will abstain from hearing this case under § 1334(c)(1).

**IV. CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that the pending motion to withdraw reference from the Bankruptcy Court is **DENIED**.

The Clerk's office is to cause a copy of this Order to be filed in the bankruptcy proceeding of *Joe Gibson's Auto World, Inc.*, Case No. 08-4215-hb.

---

[3] In reaching this conclusion, the Court has considered the twelve factors adopted by the South Carolina Bankruptcy Court when weighing discretionary abstention. *See Am. Investors Life Ins. Co. v. Salinas*, 353 B.R. 124, 128 (Bankr. D.S.C. 2006) (listing factors). Specifically, factors two, three, four, five, six, seven, ten, eleven, and twelve heavily weigh in favor of abstention.

**IT IS SO ORDERED**.

Signed this 8th day of March, 2010, in Spartanburg, South Carolina.

                                                s/ Henry F. Floyd
                                                HENRY F. FLOYD
                                                UNITED STATES DISTRICT JUDGE